PETITION OF JOSEPH BERT RICHARDSON.

No. 11630.
Decided March 4, 1969.
456 P.2d 294.

Joseph Bert Richardson, pro se.

## MEMO OPINION

PER CURIAM:

Joseph Bert Richardson, an inmate of the Montana State Prison, appearing pro se, filed with this Court a petition for a writ of habeaus corpus.

Petitioner asserts that his plea of guilty to the crime of first degree burglary in the district court of Hill County, Montana, on July 29, 1968, was secured by coercion and duress. To support this contention petitioner states that when he and his co-defendant were arrested at the site of the crime and taken to the police station by the officers he was in great pain, suffering from a twice operated on hernia, heart ailment, ruptured heart valve and bursitis in both arms and shoulders. Petitioner recites at length the ''heart attacks'' that he suffered in the police station and county jail.

Counsel was appoined for petitioner and he states that at the time of his arraignment and plea he told his court-appointed counsel that he had bursitis, heart trouble, a rupture and high

blood pressure and that he would die before he had a jury trial and therefore entered the "coerced" guilty plea. Petitioner admits he did not inform the judge of any of these facts when the opportunity was presented to him because he was nervous, temporarily insane, completely out of his mind with fear of dying from another heart attack and in pain from his rupture and bursitis.

The records in the district court, including transcript of the hearings, shows that petitioner was before the court and requested an attorney. The court appointed counsel and fixed July 11, 1968 for arraignment. On that day petitioner and his counsel appeared before the court and a plea of guilty was entered. Counsel requested a presentence investigation with the possibility of a mental examination at the State Hospital in Warm Springs if such investigation warranted it. The court stated it would secure a presentence investigation and set further proceedings for July 29, 1968.

On July 29, 1968 petitioner and his counsel were again before the court and the court in addressing counsel stated:

"Now, if you or Mr. Richardson has a statement in mitigation you may proceed."

Petitioner's counsel then stated:

"My client asked me to say that he would like to make a statement that he is unhealthy and has a bad heart and does not expect to live long and because of this he does not wish to die in jail. He would ask for leniency to be given under these circumstances and Mr. Richardson says that he may die at any moment and he would like to have a medical examination or at least be looked at by a doctor. I have not pressed this actively with the Sheriff's Office as I possibly should have. At this time he asks that the Court take into consideration his mental and physical condition in pronouncing sentence."

Petitioner then addressed the court: "Your Honor, I have been sick since I was 21 and I don't know what a jury looks like in a courtroom and I don't expect to come into this court-

room to be freed, I did commit an act which was against the peace and dignity of the State of Montana. Ever since I have been 21 I have been in and out of jail. I was in an explosion and as soon as I was arrested I admitted it was a prank. I had not eaten for some time before my arrest and I just didn't care.. I was mentally disturbed and I have this bad heart and bad rupture. I would appreciate any leniency that you can show and I would like to have the rupture fixed. A doctor told me that it was putting pressure on my heart and if I got it fixed then may be my heart would get well. I would appreciate leniency.''

The court responded: ''I might state for the record in this case that the time for pronouncement of judgment has been delayed in order to obtain information from the pre-sentence investigation. This pre-sentence investigation was made by the Parole Officer and it has been presented to the Court and a copy made available to counsel for the defendant. In addition to that the Parole Officer has obtained and furnished the Court a copy of records compiled at the Washington State Prison when you were last confined there Mr. Richardson and that report is also available for examination by counsel if he wishes to examine it. Consequently, the Court has a full report before it today and one thing that I have noted in the report is that there is a statement by the examining physician. As I understand it is to the effect that a year or so ago they found you to be in the best mental and physical condition that you had been in for a number of years and there is no particular report of any physical disability. I think that can be followed up by the State Prison. In the absence of any further report or information I think that the Court is entitled to rely upon the report of the Parole Officer and the information from the Washington State Prison.''

The Washington State Prison record to which the court referred covered the period of petitioner's confinement from January 13, 1954, until October 12, 1967. It disclosed that petitioner had major surgery on February 9, 1954, being surgical repair

of a hernia. He was given mental observation tests by a psychiatrist at various times and in 1957 he was transferred for a period to a state mental hospital for examination and returned to the prison within a ninety day period. In 1962 the prison hospital records show he was in grade No. 1 physical condition. There is a reference in a progress report of May 10, 1967, to petitioner's old heart condition which the doctor states is set and not bothering him, even though he would complain of it if he thought it was to his advantage. The progress report of October 12, 1967, states that the hospital reports: "This man is in the best physical and mental shape that I have seen him in in the past ten years." The records disclose that petitioner was a constant complainer and many times was in the dispensary on one complaint or another. He also was a "cell block lawyer", constantly preparing hand-written petitions to the courts, and also writing letters of complaint to officials.

The record of the district court in this matter which has been reviewed by this Court fails to support petitioner's charge that his plea was entered by coercion and duress and the writ sought is denied and this proceeding is dismissed.